## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT C. MCMAHON, | ) | 3:22-CV-00613 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERIK JUDKINS, | ) | |
| *Defendant*. | ) | January 2, 2024 |

### RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Sarala V. Nagala, United States District Judge.

Plaintiff Robert C. McMahon brought this action under 42 U.S.C. § 1983 for false arrest and malicious prosecution after he was stopped by Defendant Police Officer Erik Judkins on what he claims was the false pretense of a nonworking headlight. Plaintiff was subsequently arrested on charges of driving without illuminated headlights, as well as drinking while driving and drug possession. All of these charges were later dismissed, after an Assistant State's Attorney determined the headlight may actually have been working but dim, and so the evidence resulting from the traffic would be subject to a suppression motion. Defendant has now moved for summary judgment on Plaintiff's claims.

For the following reasons, Defendant's motion is GRANTED. There are no genuine disputes of material fact as to Plaintiff's false arrest claim. As to his malicious prosecution claim, there is a genuine dispute of material fact about whether Defendant had probable cause to believe the headlight was not working, but he is nonetheless entitled to qualified immunity.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff does not dispute any of the facts set forth in Defendant's Local Rule 56(a)1 Statement, though he submits additional facts as part of his Local Rule 56(a)2 Statement.[1]

On the evening of September 18, 2020, Plaintiff was driving a pickup truck, with one passenger when he was stopped by Defendant.  Pl.'s L.R. 56(a)2 St., ECF No. 26-1 ¶¶ 1–3. Defendant attests that he stopped Plaintiff "after observing what [he] suspected was a non-working headlight."  Judkins Aff., ECF No. 24-2 ¶ 6.  Plaintiff then pulled forward into a residential driveway.  Pl.'s L.R. 56(a)2 St. ¶ 7; *see also* Def.'s Ex. C., Judkins Dash Cam. Footage.  Plaintiff exited the vehicle and, despite being ordered by Defendant multiple times to reenter, did not comply.  Pl.'s L.R. 56(a)2 St. ¶ 4.

At this time, Defendant observed that Plaintiff's eyes were bloodshot, that he was slurring his words, and that his breath smelled strongly of alcohol.  *Id.* ¶ 6.  Defendant asked Plaintiff to count backwards from 79 to 54, in response to which Plaintiff counted from 79 backwards to 61, asked "what number?" and then resumed counting back down to 36.  *Id.* ¶ 7.  Although Plaintiff refused to submit to a field sobriety test, Plaintiff's passenger informed Defendant that Plaintiff has been consuming alcohol that evening.  *Id.* ¶ 10.  Defendant located six open beer cans in the vehicle and within arms' reach of the driver's seat, two of which still contained alcohol.  *Id.* ¶¶ 8– 9.  Defendant also located four bags of cocaine in Plaintiff's pants pocket, as confirmed through a field-testing apparatus, as well as less than one gram of marijuana in the vehicle, which Plaintiff admitted belonged to him.  *Id.* ¶¶ 11–15.

Plaintiff was thereafter placed under arrest and charged with violations of Conn. Gen. Stat. § 14-96(a) (failure to illuminate head lamps), § 14-227a (driving under the influence), § 21a-279(a)

---

[1] As no facts are disputed by Plaintiff, the Court cites only to Plaintiff's Local Rule 56(a)2 Statement.

(possession of a narcotic substance), § 21a-279a (first possession of marijuana under half ounce) and § 53a-213 (drinking while driving).  At a December 17, 2020, Connecticut Department of Motor Vehicles hearing, it was further found there was probable cause to charge Plaintiff under Conn. Gen. Stat. § 14-227b as well, for refusing to take a chemical alcohol test, because Plaintiff's breath smelled of alcohol, he had bloodshot and glassy eyes, his speech was slurred, there was an admission of consuming alcohol, and a failure of pre-exit tests.  *Id.* ¶ 17; *see also* Def.'s Ex. D., Dec. 17, 2020, Conn. Dep't of Motor Vehicles Decision, ECF No. 24-4.

At a March 3, 2021, hearing in Connecticut Superior Court, however, all charges against Plaintiff were dismissed.  An Assistant State's Attorney stated that the basis for Defendant's initial stop was that Plaintiff's headlight was out.  Pl.'s Add'l Mat. Facts, ECF No. 26-1 ¶ 2.  The attorney informed the court that he had "watched the video at counsel's request and, although, one of the headlights is dimmer it doesn't appear to be out."  *Id.* ¶ 3; ECF No. 26-2 at 1:14–16.  Defense counsel then requested the charges be dismissed, and the State did not object on the basis that it "would not prevail on a motion to suppress."  ECF No. 26-2 at 1:20–22.  The judge dismissed the charges.  Pl.'s Add'l Mat. Facts ¶ 5.

Plaintiff then initiated the present action in Connecticut Superior Court, seeking damages under 42 U.S.C. § 1983 and § 1988 for violations of his Fourth Amendment rights to be free from false arrest and malicious prosecution, after which it was removed by Defendant.  Not. of Removal, ECF No. 1 at 1.  Defendant now moves for summary judgment on all claims.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A disputed fact is material only where the

determination of the fact might affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). With respect to genuineness, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden of establishing there is no genuine issue of material fact in dispute will be satisfied if the movant can point to an absence of evidence to support an essential element of the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The movant bears an initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. A movant, however, "need not prove a negative when it moves for summary judgment on an issue that the [non-movant] must prove at trial. It need only point to an absence of proof on [the non-movant's] part, and, at that point, [the non-movant] must 'designate specific facts showing that there is a genuine issue for trial.'" *Parker v. Sony Pictures Ent., Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 324). The non-moving party, to defeat summary judgment, must come forward with evidence that would be sufficient to support a jury finding in his or her favor. *Anderson*, 477 U.S. at 249. If the non-movant fails "to make a sufficient showing on an essential element of [their] case with respect to which [they have] the burden of proof," then the movant will be entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323.

In considering a motion for summary judgment, a court "must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable

inferences against the movant." *Kee v. City of New York*, 12 F.4th 150, 158 (2d Cir. 2021) (citation and internal quotation marks omitted). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991).

### III.   FALSE ARREST CLAIM

The Court holds that Defendant is entitled to summary judgment on Plaintiff's false arrest claim, because there was probable cause for his arrest on at least the charge of drinking while driving.

### A.   Legal Standard

"Claims for false arrest or malicious prosecution, brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are substantially the same as claims for false arrest or malicious prosecution under state law." *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) (internal quotation marks and citations omitted). In order to prevail on his false arrest claim under Connecticut law, Plaintiff must show that "(1) the defendant intentionally arrested him or had him arrested; (2) the plaintiff was aware of the arrest; (3) there was no consent to the arrest; and (4) the arrest was not supposed by probable cause." *Edelman v. Page*, No. 3:00-cv-01166 (JAM), 2015 WL 1395893, at *11 (D. Conn. Mar. 25, 2015) (quoting *Sharnick v. D'Archangelo*, 935 F. Supp. 2d 436, 443 (D. Conn. 2013)); *see also Nodoushani v. Southern Conn. State Univ.*, 152 Conn. App. 84, 92–93 (2014).[2]

---

[2] In addition, "the Second Circuit has held that favorable termination [of the underlying criminal proceedings] is an element of false arrest under Connecticut law," though the Connecticut Supreme Court has not addressed this question. *Ruttkamp v. De Los Reyes*, No. 3:10-cv-392(SRU), 2012 WL 3596064, at *12 (D. Conn. Aug. 20, 2012) (citing *Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011)). As Plaintiff's false arrest claim fails for other reasons, the Court need not take up the question of whether favorable termination is an element of a false arrest claim under Connecticut state law.

A false arrest claim must fail "if there was probable cause to arrest the plaintiff for any offense." *Warner v. Freeman*, No. 3:14cv1192 (DFM), 2016 WL 5348569, at *3 (D. Conn. Sept. 23, 2016) (citing *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006)). Otherwise stated, "an arresting officer need not have had probable cause to arrest the plaintiff for the specific offense invoked at the time of the arrest, or the particular offense with which plaintiff was charged." *Id.* Rather, if the officer has probable cause to arrest the plaintiff for *any* offense, the plaintiff cannot succeed on a false arrest claim.

In making the probable cause determination, courts have held that "[a] police officer has probable cause to arrest someone if he or she has knowledge or reasonably trustworthy information that would suffice to warrant a person of reasonable caution in the belief that the person to be arrested has committed a crime." *Coderre v. City of Wallingford*, No. 3:08-cv-00959 (JAM), 2015 WL 4774391, at *3 (D. Conn. Aug. 13, 2015) (citing *Zalaski v. City of Hartford*, 723 F.3d 382, 389–90 (2d Cir. 2013)). Probable cause only requires "facts sufficient to establish the sort of fair probability [that a crime has been committed or is being committed] on which reasonable and prudent [people,] not legal technicians, act." *Zalaski*, 723 F.3d at 390 (internal quotation marks and citation omitted). "The court must look to the 'totality of circumstances' to determine whether an arresting officer had probable cause to effect the arrest and must use an objective standard in making this assessment." *Torlai v. LaChance*, No. 3:14-CV-185 (JCH), 2015 WL 9047785, at *3 (D. Conn. Dec. 15, 2015) (citing *Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir. 2002) and *Zellner v. Summerlin*, 494 F.3d 344, 369 (2d Cir. 2007)).

B. <u>Discussion</u>

Plaintiff's false arrest claim must fail because Plaintiff effectively concedes there was probable cause to arrest Plaintiff for at least one of the charges: driving under the influence in violation of Conn. Gen. Stat. § 14-227a.[3]

Probable cause for driving under the influence, like probable cause for any offense, is a totality of circumstances determination. Where an individual's eyes were glassy or bloodshot, speech was slurred, the car smelled of alcohol, there was verbal confirmation the driver had been drinking, and the individual demonstrates to the arresting officer an inability to perform sobriety tests, there is probable cause to arrest the individual for driving under the influence. *See Clynch v. Chapman*, 285 F. Supp. 2d 213, 226 (D. Conn. 2003); *see also Murphy v. Comm'r of Motor Vehicles*, 60 Conn. App. 526, 529 (2000) (finding that driver's slurred speech, bloodshot and glassy eyes, and smell of alcohol on breath constituted probable cause for drinking while driving).

Plaintiff admits all of the facts relevant to Defendant's probable cause determination here: that his eyes were bloodshot, that he was slurring his words, that his breath smelled strongly of alcohol, that the passenger informed Defendant Plaintiff had been drinking, that he refused to participate in field sobriety tests, and that six open beer cans were visible in arms' reach of the driver's seat, including two that still contained alcohol. Pl.'s L.R. 56(a)2 St. ¶¶ 6–7, 9–10. These admissions make clear that Defendant had probable cause to arrest Plaintiff for driving under the influence of alcohol. As Defendant had probable cause to arrest Plaintiff for at least one criminal charge, summary judgment is appropriate in Defendant's favor on Plaintiff's false arrest claim,

---

[3] Subsection a of that statute reads: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if such person operates a motor vehicle (1) while under the influence of intoxicating liquor or any drug or both, or (2) while such person has an elevated blood alcohol content."

and the Court need not reach the question of whether Defendant had probable cause to arrest Plaintiff for any of the other violations which he was charged.

To the extent Plaintiff suggests that he can overcome summary judgment on his false arrest claim because Defendant may have been mistaken about the headlight being out, the Court rejects this contention. This is a "fruit of the poisonous tree" argument, inapplicable in the § 1983 context. *See Townes v. City of New York*, 176 F.3d 138, 149 (2d Cir. 1999) (The "lack of probable cause to stop and search does not vitiate probable cause to arrest, because (among other reasons) the fruit of the poisonous tree doctrine is not available to assist a § 1983 claimant."). While the prosecutor decided that certain evidence would likely be subject to suppression and therefore opted to dismiss the charges, it does not mean there was no probable cause to make the arrest. *See Clynch*, 285 F. Supp. 2d at 225, n. 14 (noting that the fruit of the poisonous tree doctrine "might preclude evidence of post stop events and require dismissal of any charges" in a criminal case, but would not affect the probable cause determination in a § 1983 case).

Because the Court finds there was probable cause to arrest Plaintiff on the charge of driving under the influence, Plaintiff's false arrest claim must fail.

### IV. <u>MALICIOUS PROSECUTION CLAIM</u>

#### A. <u>Legal Standard</u>

In order to prevail on his claim for malicious prosecution, Plaintiff "must show a violation of his rights under the Fourth Amendment . . . and establish the elements of a malicious prosecution claim under state law." *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). First, "[t]o show a violation of his Fourth Amendment rights, a Section 1983 plaintiff asserting a malicious prosecution claim 'must . . . show some deprivation of liberty consistent with the concept of 'seizure.'" *Plude v. Adams*, No. 3:12-cv-69 (AWT), 2013 WL 943730, at *1 (D. Conn. Mar. 13,

2013) (quoting *Singer v. Fulton Cnty. Sherriff*, 63 F.3d 110, 116 (2d Cir. 1995)).  Second, to establish the elements of a malicious prosecution claim under Connecticut law, the plaintiff must demonstrate "(1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings must have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." *Torlai*, 2015 WL 9047785, at *5 (quoting *Brooks v. Sweeney*, 299 Conn. 196, 210–11 (2010)).  "[M]alice can be inferred from lack of probable cause." *Brown v. Aybar*, 451 F. Supp. 2d 374, 384 (D. Conn. 2006) (citing *Vandersluis v. Weil*, 176 Conn. 353, 356 (1978)).

Relevant here, "[t]he probable cause inquiry in the context of a malicious prosecution claim is distinct from the probable cause inquiry relevant to an assessment of a false arrest claim." *Torlai*, 2015 WL 9047785, at *6.  Specifically, "probable cause to arrest as to one charge does not necessarily defeat a claim of malicious prosecution as to other criminal charges that were resolved in the plaintiff's favor." *Id.* (quoting *D'Angelo v. Kirschner*, 288 F. App'x 724, 726–27 (2d Cir. 2008)).

## B.  Discussion

The Court holds that Defendant is entitled to summary judgment on Plaintiff's malicious prosecution claim.  There are no disputed issues of fact related to Defendant's arrest and prosecution of Plaintiff for driving under the influence and related offenses and drug possession. Although there is a genuine dispute of material fact concerning whether Defendant had probable cause to arrest Plaintiff for the allegedly nonworking headlights, Defendant is entitled to qualified immunity on this issue.  Therefore, summary judgment must be granted in Defendant's favor.

Initially, Defendant offers no argument concerning whether Plaintiff was seized, so as to give rise to a constitutional violation.  The Court thus treats this element as conceded, for purposes of the present motion.  It is also undisputed that Defendant initiated criminal proceedings against Plaintiff and that the proceedings terminated in Plaintiff's favor.  The two elements that remain are whether Defendant had probable cause to arrest Plaintiff for each of the offenses, and whether Defendant acted with malice.

For the reasons identified above, Defendant had probable cause to arrest Plaintiff for charges of driving under the influence (Conn. Gen. Stat. § 14-227a), drinking while driving (§ 53a-213), and refusing to submit to a chemical sobriety test (§ 14-227b), and Plaintiff does not dispute the facts that support probable cause to arrest him for possession of a narcotics (cocaine), (§ 21a279(a)), and possession of marijuana under half ounce (§ 21a-279a).  Indeed, Defendant located four bags of cocaine on Plaintiff's person, as confirmed through a field-testing apparatus, as well as less than one gram of marijuana in the vehicle.  Pl.'s L.R. 56(a)2 St. ¶¶ 11–15.  As Defendant acted with probable cause in arresting Plaintiff for these offenses, his summary judgment motion must be granted as to Plaintiff's malicious prosecution claim relating to his arrest for these violations.

The issue of whether Defendant lacked probable cause to arrest Plaintiff for the charge of driving without illuminated head lamps in violation of Conn. Gen. Stat. § 14-96(a) is a closer question.  Defendant points to an absence of evidence upon which a reasonable jury could find for Plaintiff on this point; rather, Defendant argues, Plaintiff makes an unsubstantiated claim that Defendant is lying about perceiving a nonworking headlight to cover up his alleged wrongdoing. The evidence on this issue consists of (1) Defendant's affidavit that he believed the headlight was not working when he pulled Plaintiff over, ECF No. 24-2 ¶ 6 (testifying that he stopped Plaintiff's

vehicle "after observing what I suspected was a non-working headlight"); (2) the dashboard camera video from Defendant's police cruiser introduced by Defendant, Def.'s Ex. C; and (3) a transcript of a hearing in Connecticut Superior Court at which the Assistant State's Attorney states that, after watching a video of the traffic stop, he concluded that the lights were very dim (but not out), and so all charges should be dropped. *See* Pl.'s Add'l Mat. Facts. ¶¶ 1–5. The Court holds that there is a genuine issue of material fact as to whether Defendant had probable cause to arrest Plaintiff for this violation, given the Assistant State's Attorney's statement that the headlight was not actually out.

In so holding, the Court notes that the video of the traffic stop does not appear to provide particular clarity to this issue. The Court played the first several seconds of the video for the parties during oral argument. Although the video shows Plaintiff's pickup truck in a driveway, pulled in head-first, neither party could identify Plaintiff's vehicle on the road before it appears in the driveway. Indeed, Plaintiff's counsel conceded that the video does not appear to show Plaintiff's vehicle until it is seen in the driveway. Courts in this circuit have held that when video evidence "support[s] competing and equally speculative[ ] . . . inferences" it is generally "insufficient to raise a triable issue of fact." *Leandro v. Wal-Mart Supercenter Store #2104*, No. 19 Civ. 2108 (JCM), 2021 WL 2742622, at *11 (S.D.N.Y. June 30, 2011) (internal quotation marks omitted) (collecting cases). In this case, Plaintiff's counsel was unable to identify for the Court any inferences it could draw in Plaintiff's favor from this video at all. The video, therefore, does not help Plaintiff overcome Defendant's motion.[4]

---

[4] The parties agree that the video Defendant submitted in connection with the present motion is likely the video the Assistant State's Attorney watched, as it appears to be the only video of the incident. But neither the parties nor the Court could identify an image of Plaintiff's pickup truck with a dim, but working, headlight in this video, curiously.

But the remaining record evidence demonstrates a genuine issue of material fact as to whether Defendant had probable cause to believe the headlight was out when he charged Plaintiff with that violation. There are two competing narratives: Defendant's affidavit, which attests that the headlight was out, and the transcript of the Superior Court proceeding in which the prosecutor states that, in the video he watched, the light was not out but was "dimmer." ECF No. 26-2 at 1:15. Although the Court cannot discern a vehicle like Plaintiff's pickup truck with a dim headlight in the video submitted by Defendant, the prosecutor apparently did, and subsequently dismissed all of the charges on that basis. Defendant has made no arguments concerning the admissibility of the transcript of the prosecutor's statements (or the statements themselves), and so the Court will assume, without deciding, that it would be admissible at trial. The prosecutor's statements create a genuine question of material fact about whether the headlight was actually out and, thus, whether Defendant had probable cause to believe the headlight was out. Because summary judgment can be granted only if no reasonable jury could find in Plaintiff's favor, summary judgment is inappropriate here.[5]

### C. Qualified Immunity

That there is a question of material fact as to one of the elements of the malicious prosecution claim as to the headlights charge does not end the inquiry, however, as the Court must address whether Defendant is entitled to qualified immunity. The Court finds that he is.

#### 1. Legal Standard

The doctrine of qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

---

[5] For the first time at oral argument, Defendant argued in response to the Court's questions that Plaintiff has not shown a genuine dispute of material fact concerning the final element of a malicious prosecution claim: malice. Defendant's counsel conceded, however, that this issue was not raised in his briefing. The Court need not consider an argument raised for the first time at oral argument, and will not do so here.

rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability while they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

In the false arrest and malicious prosecution context, "[e]ven if probable cause to arrest is ultimately found not to have existed, an arresting officer will still be entitled to qualified immunity from a suit for damages if he can establish that there was 'arguable probable cause' for the arrest." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004). "Arguable probable cause exists if 'either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.'" *Id.* (quoting *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d. Cir. 1991)). Therefore, "in situations where an officer may have reasonably but mistakenly concluded that probable cause existed, the officer is nonetheless entitled to qualified immunity." *Caldarola*, 298 F.3d at 162. As in other contexts, the ultimate question is the officer's "'objective reasonableness' in their chosen course of action given the circumstances confronting them at the scene." *Guerrero v. Scarazzini*, 274 F. App'x 11, 13 (2d Cir. 2008) (quoting *Lennon v. Miller*, 66 F.3d 416, 421 (2d Cir. 1995)). In the end, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

## 2. *Discussion*

The Court finds that there is no genuine dispute there was at least arguable probable cause to charge Plaintiff with failing to drive with illuminated headlights, and that Defendant is therefore

entitled to qualified immunity.  As discussed above, Plaintiff has introduced evidence that one Assistant State's Attorney viewing a video concluded that the headlight was on but dim, whereas Defendant contends the headlight was not working.  While this conflicting evidence demonstrates a genuine dispute over whether there was *actual* probable cause to arrest Plaintiff for driving without an illuminated headlight, there is nonetheless no genuine dispute that Defendant possessed at least *arguable* probable cause on these facts, entitling him to qualified immunity.

Personal observation of an inoperable headlight is generally sufficient to establish probable cause.  *See Kennedy v. City of New York*, 570 F. App'x 83, 84 (2d Cir. 2014) (summary order) ("'When an officer observes a traffic offense—however minor—he has probable cause to stop the driver of the vehicle' and effect a subsequent arrest for that offense.").  Such observations, however, are susceptible to human error.  In this case, while the Assistant State's Attorney had the benefit of a video he could rewind and rewatch, Defendant observed Plaintiff's vehicle in the dark and in passing, likely for only a couple of seconds at most.  Defendant reasonably, but potentially mistakenly, believed that one of Plaintiff's headlights was out.  Based on the video, it appears Defendant did not have another opportunity to observe the headlight once Plaintiff's pickup was pulled into the driveway headfirst and Plaintiff exited the car almost immediately.  Defendant's reasonable but perhaps mistaken observation of a nonworking headlight is precisely the sort of split-second judgment the doctrine of qualified immunity is designed to protect.  *See Palmer v. New Britain General Hosp.*, No. 3:05-CV-943 (RNC), 2009 WL 378646, at *4 (D. Conn. Feb. 13, 2009) (holding that although "in retrospect it is apparent that the seizure lacked probable cause, the officers are entitled to qualified immunity . . . to protect officers making 'split-second judgments'").  Even viewing the evidence in the light most favorable to Plaintiff, it is apparent Defendant acted objectively reasonably under the circumstances, when concluding that Plaintiff's

vehicle had a nonworking headlight.  Defendant is therefore entitled to qualified immunity on the malicious prosecution claim as it relates to the headlights charge.

## V.     CONCLUSION

For the reasons described herein, Defendant's motion for summary judgment is GRANTED in full.  The Clerk of Court is directed to close this case.


**SO ORDERED** at Hartford, Connecticut, this 2nd day of January, 2024.


                                           _/s/ Sarala V. Nagala_____
                                           SARALA V. NAGALA
                                           UNITED STATES DISTRICT JUDGE